UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 07-26-GFVT

MARGARET TALMAGE                                                                 PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT**
              **AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                 DEFENDANT.

## I. INTRODUCTION

Plaintiff, Margaret Talmage, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying Plaintiff's application for Social Security Disability Insurance Benefits [DIB] and Supplemental Security Income [SSI]. This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). [R. 11]. Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's Motion for Summary Judgment [R. 9] be denied, Defendant Commissioner's Motion for Summary Judgment [R. 10] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff was 54 years old when she filed for DIB and SSI benefits in March of 2004. [Tr. 53-55, 253-55]. The Plaintiff completed the ninth grade and has specialized training as a certified nursing aide. [Tr. 83]. She has three adult children and was widowed in 1990; she currently resides with her boyfriend and his 15-year old daughter. [Tr. 159]. In February of 2004, the Plaintiff stopped working as a certified nursing aide, allegedly as a result of disability. [Tr. 275].

Plaintiff's claims for SSI and DIB were disapproved in May of 2004. [Tr. 28-31, 253-55]. She properly requested a hearing in front of an Administrative Law Judge [ALJ]. The hearing was held on June 15, 2005 in front of ALJ R. Neely Owen. The Plaintiff was present and represented by counsel. During the hearing, the ALJ sought testimony from the Plaintiff, as well as a Vocational Expert. The hearing was transcribed, and the transcript was placed in the administrative record. [Tr. 267-303].

The ALJ ruled against the Plaintiff in a decision dated October 17, 2005. [Tr. 14-23]. The ALJ made the following finding regarding the Plaintiff's medical impairments:

> the claimant has diabetes mellitus and hypertension, both not well controlled because of failure to take medication regularly; mild cardiac disease and mild anxiety, which constitute severe impairments; but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

[Tr. 22].

The ALJ then made a finding regarding the Plaintiff's residual functioning capacity, and concluded that she could return to her past relevant work. [Tr. 22-23]. The ALJ also noted that the Plaintiff's "testimony was not fully persuasive regarding her symptomatology and resulting limitations." [Tr. 22].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council, which denied her request for review. [Tr. 6-9]. On March 5, 2007, Plaintiff initiated the present action by filing a complaint with the United States District Court in Ashland, Kentucky. [R. 2]. On July 16, 2007, Plaintiff filed a Motion for Summary Judgment, alleging, *inter alia*, that the ALJ's decision should be overturned because it was not supported by substantial evidence. [R. 9]. The Social Security

Administration, through counsel, asserts that the ALJ's decision was based on substantial evidence, and that his determination should be upheld. [R. 11].

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y

3

of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. DISABILITY ANALYSIS

To determine whether a claimant is "disabled" within the meaning of the Social Security Act, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. Step one examines the work activity of the claimant to determine whether she is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4). Step two is a determination of whether the claimant has a medically determinable "severe impairment" or combination of impairments that qualify as severe. Id. Step three determines whether the claimant's impairments meet the criteria set forth in the regulations to categorize an individual as "disabled." Id. The fourth step examines whether the claimant retains any "residual functional capacity" and whether the claimant can return to her past relevant work. Id. Finally, if the claimant is unable to return to any past relevant work, it must be determined whether she has the residual functioning capacity to do any other work. Id. The burdens of proof involved in this process were summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry...the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

In the present case, the ALJ determined that despite having a severe impairment, the Plaintiff did not meet or equal any listing to qualify as disabled. In addition, he determined that she had the residual functioning capacity to perform her relevant work. All of the disputed findings must be supported by substantial evidence, and will be examined in turn.

      A.      <u>**Finding No. 4.**</u> **Plaintiff was not a fully credible witness.**

It is clearly established that a reviewing court is to accord the ALJ's credibility determinations "great weight and deference, particularly since an ALJ is charged with the duty of observing the witness's demeanor and credibility." <u>Jones v. Comm'r of Soc. Sec.</u>, 336 F.3d 469, 476 (6th Cir. 2003). The ALJ's credibility determination is particularly important where subjective complaints of pain are at issue, since a "determination of disability based on pain by necessity depends largely on the credibility of the claimant." <u>Villarreal v. Sec'y of Health and Human Servs.</u>, 818 F.2d 461, 463 (6th Cir. 1987) (internal quotation and citation omitted). Even though it is entitled to great deference, an ALJ's assessment of credibility must be supported by substantial evidence. See <u>Beavers v. Sec'y of Health, Educ. & Welfare</u>, 577 F.2d 383, 386-87 (6th Cir. 1978).

In the present case, the ALJ found that "[t]he claimant's testimony was not fully persuasive regarding her symptomatology and resulting limitations." [Tr. 22]. He noted that her condition was one that could reasonably be expected to produce pain and the other symptoms that are alleged, "but her complaints suggest a greater severity of impairment than can be shown by the objective medical evidence alone." [Tr. 21]. The ALJ specifically considered the factors listed in SSR 96-7p and 20 C.F.R. § 404-1529.

The Plaintiff argues that the ALJ did not sufficiently explain his evaluation of the Plaintiff's credibility. [R. 9 at 8]. It is clear that "an ALJ must cite some other evidence for denying a claim of pain in addition to personal observation." <u>Atterberry v. Sec'y of Health & Human Servs.</u>, 871 F.2d 567, 571 (6th Cir. 1989) (internal citation omitted). The credibility analysis in the present case was not based solely on observation of the claimant's demeanor. Rather, the ALJ applied the factors set forth in SSR 96-7p and stated several reasons for not finding the Plaintiff's testimony to be fully

5

credible. Among other things, the ALJ cited the following: Plaintiff's report to her physical therapist that her back condition had improved, and telling Dr. Morse that she was able to return to regular work [Tr. 163]; no objective findings to support her complaints of shortness of breath; failure to control her conditions with medication; and, discrepancies between her testimony and medical records regarding the extent of her daily activities. [Tr. 22].

A reviewing court should "decline to give substantial deference to [an] ALJ's unexplained credibility finding." Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 1985). Otherwise, the credibility finding of an ALJ should rarely be disturbed. See Kirk v. Sec'y of Health & Human Servs., 667 F.2d 254 (6th Cir. 1981). Contrary to the assertions of the Plaintiff, the ALJ's credibility decision is not based on misreadings or mischaracterizations of the evidence, nor an arbitrary "sit and squirm" test that places undue emphasis on totally subjective criteria. See Aubeuf v. Schweiker, 649 F.2d 107 (2d Cir. 1981). Nor is the determination so lacking in support that it would qualify as "unexplained" under the Harris line of cases. The ALJ provided ample support for his credibility finding, and this Court must, therefore, accord that finding the high level of deference to which it is normally entitled.

      **B.**      <u>**Finding 7.**</u> **Plaintiff is not prevented from performing her past relevant work.**

Plaintiff challenges the finding that her residual functional capacity is sufficient to allow her to return to her past relevant work. [Tr. 22]. The Plaintiff's past relevant work is as a certified nursing aide or certified medication aide; according to the testimony of the vocational expert, both of these jobs are listed in the Dictionary of Occupational Titles as semiskilled at the medium exertional level. [Tr. 296].

"The initial burden of proof rests with the claimant to show that [s]he cannot perform [her] past relevant work." Cruse v. Comm'r of Soc. Sec., 502 F.3d 532 (6th Cir. 2007). The Plaintiff did

6

not establish that she was unable to return to her past relevant work. Plaintiff relies heavily on the records from Dr. Morse to show that she was under restrictions that prevented her from returning to her work as a certified nursing aide. [Tr. 163-191]. The records from Dr. Morse do not indicate that the Plaintiff had reached full medical improvement, nor that she was under permanent restrictions. The final report from Dr. Morse, dated February 24, 2004, indicated:

> Her back is feeling much better, five weeks [after injury]. Physical therapy has been very helpful. She has not needed pain medicines recently. She now has only rare muscles [sic] spasms, much improved. ... She feels able to return to regular work. ... She is moving out of town at the end of this week and will be released from care here.

[Tr. 163].

This final report did not include any limitations on Plaintiff's work activity, nor do they indicate that she needs to continue any course of physical therapy. Dr. Morse had included such limitations in his earlier reports.[1]

Simply stated, no physician in the record indicates that Plaintiff is unable to return to her past relevant work. In determining that Plaintiff could return to her past relevant work, the ALJ properly gave substantial weight to the opinions of Dr. Ratliff and the State Agency Psychologist, who found essentially no restrictions, because their opinions were "well supported by medically acceptable

---

[1] Report of February 18, 2004: "[c]ontinue physical therapy. At work, lift 15 pounds, push-pull 30 pounds. Avoid bending and minimize activities of that nature." [Tr. 165].
Report of February 10, 2004: "[c]ontinue physical therapy. At work, lift 15 pounds, push-pull 30 pounds. Minimize bending." [Tr. 168].
Report of February 3, 2004: "[c]ontinue physical therapy. At work, lift 10 pounds, push-pull 20 pounds. Minimize bending. Sit as needed." [Tr. 171].
Report of January 29, 2004: "[s]he is doing modified, not heavy work. ... Physical therapy. ... Quadratus stretching instructed. See chart for work restrictions." [Tr. 173].
Report of January 22, 2004: "[prescriptions listed]. Back stretching information was given. Work will be restricted to a sitting job only. I will see her back in one week." [Tr. 174].

clinical and laboratory diagnostic techniques and [were] not inconsistent with the other substantial evidence." [Tr. 20-21]. These opinions formed the basis of the ALJ's finding regarding the Plaintiff's residual functioning capacity.[2]

The Plaintiff had the burden of showing that she was unable to return to her past relevant work. The ALJ found that she did not meet this burden, and determined that she was not under a disability that would preclude her from returning to her past relevant work. The ALJ's decision on this matter is supported by substantial evidence.

## V. FAILURE TO ORDER SUPPLEMENTAL CONSULTATIVE EXAMINATION & LACK OF OPPORTUNITY FOR ADEQUATE CROSS-EXAMINATION OF VOCATIONAL EXPERT

The Plaintiff contends that the ALJ erred by ultimately relying on the report of Dr. Ratliff, rather than seeking a new consultative examination. A medical source may be recontacted, or new examinations may be ordered, when information is unavailable, or when it is necessary to clarify the record. Specifically, the regulations state:

> When the evidence we receive from your treating physician or psychologist or other medical source *is inadequate for us to determine whether you are disabled*, we will need additional information to reach a determination or a decision.

20 C.F.R. § 404.1512(e) (emphasis added).

According to the regulations, therefore, it is not necessary to recontact medical sources where the

---

[2]The ALJ found the following:
The claimant has the residual functioning capacity to perform work-related activities with pushing, pulling, lifting, and/or carrying up to 50 pounds occasionally and up to 25 pounds frequently; sitting, standing, and/or walking about six hours each day during an eight-hour workday; occasional balancing, stooping, kneeling, crouching, and/or crawling; frequent climbing; reaching, handling, fingering and feeling (20 C.F.R. 404.1545 and 416. 945).
[Tr. 22].
As indicated, supra, this residual functioning capacity is not inconsistent with the final report of the treating physician, Dr. Morse.

8

record contains adequate information to reach a decision. "An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." Foster v. Halter, 279 F.3d 348, 355 (6th Cir. 2001). The failure to order additional testing is, therefore, examined using an abuse of discretion standard. Id.

In the present case, there was sufficient evidence in the record to allow the ALJ to make an informed decision. The ALJ was able to examine records from multiple medical sources, most importantly: Dr. Morse [Tr. 163-191]; Dr. Eggerman [Tr. 157-162]; and Dr. Ratliff [Tr. 207-210]. The mere fact that the ALJ announced the possibility that he would seek another consultative examination does not make his subsequent failure to do so an "abuse of discretion."

Finally, the Plaintiff claims that the ALJ's decision should be reversed because the Plaintiff's attorney was not given an adequate opportunity to cross-examine the vocational expert at the hearing. The Plaintiff's attorney was asked whether he had any questions for the vocational expert, and he replied that he did not. [Tr. 298]. The attorney was given an opportunity to cross-examine the witness and chose not to ask any questions. His failure to cross-examine does not now provide a basis for overturning the ALJ's decision. See McClanahan v. Comm'r Soc. Sec., 474 F.3d 830, 837 (6th Cir. 2006) (citing Baranich v. Barnhart, 128 Fed. Appx. 481, 490 (6th Cir. 2005) ("[The attorney's] failure to continue cross-examination resulted from his own decision and not from a directive of the ALJ.")).

## VI. CONCLUSION

For the foregoing reasons, it is recommended that the Plaintiff's Motion for Summary

Judgment be denied, the Defendant Commissioner's Motion for Summary Judgment be granted, Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed November 16, 2007.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge